# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES SCOTT DALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:26-cv-00404 |
| | ) | Judge Trauger |
| FRANKLIN POLICE DEPARTMENT | ) | |
| and ANDREA CLARK, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

James Dalton, a pretrial detainee in the custody of the Williamson County Sheriff's Office, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.) The plaintiff subsequently filed a certified statement of his inmate trust account activity (Doc. No. 5) in support of his IFP application.

The case is now before the court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. PAUPER STATUS

Subject to certain statutory requirements, *see* 28 U.S.C. § 1915(a)(1)–(2), (g), a prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the $405 filing fee. The plaintiff's IFP application and certified trust account statement substantially complies with these requirements and demonstrates that he lacks the funds to prepay the entire filing fee. His IFP application (Doc. No. 2) is therefore **GRANTED**.

Nevertheless, prisoners bringing civil lawsuits are "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Where the prisoner proceeds IFP, the fee is $350 instead of

$405, *see id.* § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023), and may be paid in installments over time via an assessment against his inmate trust account. *Id.* § 1915(b)(1)–(2).

Accordingly, the plaintiff is **ASSESSED** a $350 filing fee. The fee will be collected in installments as described below.

The warden of the facility in which the plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

A. <u>Legal Standard</u>

In cases filed by prisoners, the court must conduct an initial screening and dismiss the

Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

B. Analysis of the Complaint

The plaintiff sues the Franklin Police Department and Franklin Police Officer Andrea Clark based on the evidence that was introduced against him at his preliminary hearing on September 25, 2025. (Doc. No. 1 at 2, 4–5.) He claims that Officer Clark perjured herself at that hearing and "fabricated evidence while forging court documents in open court on the record under oath,

3

Case 3:26-cv-00404    Document 7    Filed 06/03/26    Page 3 of 6 PageID #: 29

knowing that they for a fact aren't true." (*Id.* at 5.) The alleged fabrication involved Officer Clark's testimony that the plaintiff stabbed the victim in the head, when Clark was at the hospital and knew the victim did not have a stab wound to the head—"and other claims that aren't true." (*Id.*) The plaintiff claims that his "liberty has been impacted" by the false evidence introduced at his preliminary hearing, that he has suffered mental anguish, and that he is therefore entitled to an award of damages. (*Id.*)

The Complaint asserts a violation of the Federal Tort Claims Act (FTCA) (*id.* at 3), but the FTCA only allows a damages suit for injuries inflicted by federal officers and employees, not a municipal officer such as Officer Clark. *Martin v. United States*, 605 U.S. 395, 400 (2025) ("The FTCA allows those injured by federal employees to sue the United States for damages," by waiving sovereign immunity for "certain torts committed by federal employees acting within the scope of their employment.") (quoting *Brownback v. King*, 592 U.S. 209, 212 (2021)). Though the legal basis for the plaintiff's asserted right to recovery is miscast, the Complaint may be liberally construed to claim that the introduction of false testimony and other evidence at the plaintiff's preliminary hearing amounted to malicious prosecution. Such a claim may be asserted under Section 1983 against Officer Clark, but not against the Franklin Police Department,[1] and not while criminal proceedings are ongoing. *See King v. Harwood*, 852 F.3d 568, 579 (6th Cir. 2017) (stating that "a malicious-prosecution claim is not available before the favorable termination of criminal proceedings, nor does the limitations period for such a claim begin until the favorable termination of criminal proceedings").

---

[1] A police department is not a "person" that can be sued under Section 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *2–3 (M.D. Tenn. Aug. 25, 2010) (noting that "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit").

Consistent with the plaintiff's report that he is a pretrial detainee (Doc. No. 1 at 4), the court takes judicial notice that the proceedings against him are ongoing in Williamson County Circuit Court, after his charges were bound over to the grand jury following a hearing in General Sessions Court on September 23, 2025.[2] As referenced above, if these criminal proceedings terminate in the plaintiff's favor, he may be able to assert a viable Section 1983 claim against Officer Clark for falsifying the evidence against him. *See King*, 852 F.3d at 590 (recognizing continuing viability of "malicious-prosecution claims against law-enforcement officers who set a prosecution in motion or who falsify or fabricate evidence") (citing, *e.g.*, *Lisker v. City of Los Angeles*, 780 F.3d 1237, 1242 (9th Cir. 2015) (finding that immunity for officer who testifies as a witness does not extend to "non-testimonial acts, such as tampering with documentary or physical evidence")); *Spurlock v. Satterfield*, 167 F.3d 995, 1004 (6th Cir. 1999) (holding that officer who allegedly "fabricated probable cause" was not entitled to immunity from malicious-prosecution suit). But such a claim is not viable at this point, while the prosecution is ongoing.

### III. CONCLUSION

For the reasons given above, this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. The court **CERTIFIES** that any appeal from this dismissal would not be

---

[2] *See* Williamson County Online Court Records System, https://williamson.tncrtinfo.com/crCaseForm.aspx?id=2E3D8171-1BC9-4EBD-9DED-A622AD02D912&dsid=51ac14dc; https://williamson.tncrtinfo.com/crCaseForm.aspx?id=127E353B-CF40-4F95-B2D1-492EBA8D6AD1&dsid=153416c6 (last visited May 28, 2026). This online summary of proceedings confirms that the plaintiff has future settings for a plea hearing and, if necessary, a jury trial on multiple charges resulting from an incident that occurred on September 12, 2025. The court may take judicial notice of such adjudicative facts, Fed. R. Evid. 201, including facts contained in "public records and government documents available from reliable sources on the Internet," *ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 747 (M.D. Tenn. 2021) (quoting *Roane Cnty., Tennessee v. Jacobs Eng'g Grp., Inc.*, No. 3:19-CV-206-TAV-HBG, 2020 WL 2025613, at *3 (E.D. Tenn. Apr. 27, 2020), and facts concerning "proceedings in other courts of record." *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999).

taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge